IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER, *pro se*,

      Appellant,

v.                                        Civ.  No.  06-855 BB/RLP
                                                  Bankr.  No.  13-04-17330 MA

MICK CHAPEL, JENNIFER CHAPEL,
AND JOSEPH MANGES,

      Appellees.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is an appeal from the United States Bankruptcy Court, brought pursuant to 28 U.S.C. § 158(a)(1).  Appellant appeals the bankruptcy court's September 1, 2006 Order awarding $153.00 in actual damages to Appellant and against Appellees, jointly and severally; and $750 in punitive damages solely against Appellant Manges.[2]  Appellant contends that $148.00 should have been assessed against each Appellee and also Steven Long, who is an attorney of record in the bankruptcy proceeding.  Appellant also argues that the Appellees, together with Mr.  Long, each should have been assessed punitive damages in the amount of $100,000.  Finally, Appellant argues that the bankruptcy court was obligated to seek the disbarment of attorneys Manges and Long.[3]

---

[1]  Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

[2]  Joseph Manges is the Chapels' attorney.

[3]  Appellant lists 8 grounds for appeal, but the others are subsumed in these categories.

2.      The damages award to Appellant arose after the bankruptcy court found that Appellees violated the automatic stay.  A review of the record indicates that after Appellant filed his appeal in this Court, Appellees filed an appeal with the Bankruptcy Appeal Panel (the BAP), pursuant to 28 U.S.C. § 158(b).  Appellees then moved to consolidate the two appeals or to stay the instant appeal pending the outcome of the BAP's decision.  *See* Doc. 14.

3.      In their Response [Doc.  15] to Appellant's argument, Appellees argue all matters that they brought before the BAP, namely, that they did not violate the automatic stay and therefore no damages should have been awarded.  Alternatively, the Court assumes, they argued that if the BAP found a violation of the automatic stay, the award of compensatory and punitive damages was unfounded.

4.      The Court finds that Appellant elected to file his appeal in the district court pursuant to 28 U.S.C. § 158(c)(1)(A) and the issues before the Court are the ones listed in ¶ 1, *supra*.  Having failed to file a cross-appeal in this Court and by electing to file a separate appeal before the BAP, Appellees contentions  are not properly before this Court. Accordingly, this Court does *not* determine whether a violation of the automatic stay occurred.  The only issues addressed by this Court are the ones raised by Appellant, *i.e.*, the amount of damages awarded assuming the stay was violated.

5.      Appellant argues that the standard of review is abuse of discretion; Appellees argues the standard is *de novo*.  Neither contention is correct.  Factual matters are reviewed under the "clearly erroneous" standard and issues of law are reviewed *de novo*. *Branding Iron Motel, Inc.  v.  Sandlian Equity, Inc.*, 798 F.2d 396, 399-400 (10th Cir. 1986). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum*, 333 U.S. 364, 395 (1948).

6.    The bankruptcy court's Order[4] assessing damages indicates the following. That court had entered a previous order (the Stay Violation Order) assessing monetary sanctions against Appellees herein.  That order was appealed to the BAP, which vacated and remanded the order because "no evidence was presented to the [bankruptcy] Court upon which it could base an award for damages."  Doc.  1 at 2.[5]  Upon remand, the bankruptcy court held a hearing to determine damages.  *Id.*  at 1.

7.    The bankruptcy court found that Appellant asked for $480.00 in actual damages, but upon cross examination conceded that his actual damages were $135.00 in gas expenses and $18.00 for paper and ink.  *Id.*  at 2.  The court found that Appellant had met his burden of proving actual damages in the amount of $153.00.  *Id.*

8.    The bankruptcy court further found that the Appellees had sent notice of the scheduling for a foreclosure sale fewer than ten days after they obtained relief from the automatic stay, contrary to Rule 4001(a)(3).  *Id.*  at 3.  The bankruptcy court found that Appellee Manges, an attorney, was charged with knowledge of the applicable rules and that given the prolonged dispute between the parties, he should have used "extreme care" to ensure compliance with the applicable rules.  *Id.*  The court found that $750 was appropriate in order to deter such conduct in the future.  *Id.*  The court declined to assess punitive damages against the Chapels.  *Id.*  Attorney Long was not mentioned.  *Id.*

---

[4]  The Order is located at Doc.  1 in the district court's file.

[5]  The BAP opinion may be found at Doc. 16, second attachment.

9.      Neither party has provided any evidence or advanced any argument as to why these findings are "clearly erroneous."  Appellant's argument that each individual should be assessed $148 contravenes the policy behind *compensatory* damages; such an amount would constitute a windfall for him.  He advances no valid argument as to why the Chapels should be assessed punitive damages.  He does not explain any evidence that he put before the bankruptcy court as to why Steven Long should be assessed any damages.

10.     As for Appellees, they contend that Appellant is not entitled to litigation costs under former11 U.S.C. 362(h).  That is incorrect.  *See In re Gagliardi*, 290 B.R. 808, 820 (2003).  Further the bankruptcy court specifically found that Manges acted intentionally sought to schedule a foreclosure without complying with Rule 4001(a)(3).  That is a sufficient finding to assess punitive damages, *see Gagliardi*, 290 B.R. at 820-21, and is not clearly erroneous.  Because an award of punitive damages is not to punish but to deter, this Court also finds that the amount of $750 is not clearly erroneous.  *Id.* at 822.

11.     As for including damages to be assessed against Steven Long, there is no indication in the record any evidence pertaining to Mr.  Long was put before the bankruptcy court and therefore this Court may not consider that contention.

12.     The Court also notes that the bankruptcy court did not abuse its discretion by seeking the disbarment of Attorneys Manges and Long.

13.     Finally, the record indicates that in addition to the Appellee's Motion to Consolidate [Doc. 14], Appellant has filed a Motion for Sanctions [Doc. 18], which is based on Appellee's argument before this Court that they did not violate the automatic stay.  Both of these motions should be denied.

## RECOMMENDED DISPOSITION

I recommend that Appellee's Motion to Consolidate [Doc. 14] be denied; that Appellant's Motion for Sanctions [Doc. 18] be denied; and that the Bankruptcy Court's Order Awarding Damages [Doc. 1], be affirmed.

Richard L. Puglisi
United States Magistrate Judge

5